**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4354**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUBEN HERBERT TRAPP, a/k/a Lil Herb,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., District Judge.  (3:09-cr-00502-JFA-13)

Submitted:  December 22, 2011       Decided:  February 16, 2012

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Edye U. Moran, MORAN LAW OFFICES, Columbia, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Stacey D. Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ruben Herbert Trapp pled guilty, with the benefit of a written plea agreement, to distribution of five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). The district court sentenced Trapp to 168 months' imprisonment. On appeal, Trapp argues his plea counsel's ineffective assistance rendered his guilty plea unknowing and involuntary and seeks to have his conviction reversed. During the pendency of this appeal, the parties filed a joint motion to vacate Trapp's sentence and remand this case to the district court to allow Trapp to be resentenced in accordance with the Fair Sentencing Act of 2010 (FSA). Based on our consideration of the record in this case, we affirm Trapp's conviction, grant the parties' joint motion, vacate the sentence, and remand to the district court for resentencing.

The Government offered Trapp an opportunity to plead to a cocaine conspiracy charge or a substantive cocaine distribution offense. He chose the latter. Apparently now regretting his choice, Trapp asserts that his plea counsel's misadvice caused him to choose the plea agreement with the more onerous sentencing consequences. He does not claim he would have instead insisted upon going to trial on the charge against him but for counsel's alleged error. See Hill v. Lockhart, 474 U.S. 52, 59 (1985) (holding prejudice in ineffective assistance

claim can be established in guilty plea context only upon showing "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial"). We have carefully reviewed the record in this case and have determined that no conclusive evidence of ineffective assistance of counsel appears on the face of this record. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (providing standard). Thus, Trapp's ineffective assistance claim is not cognizable on direct appeal, but must, instead, be litigated in an appropriate proceeding for post-conviction relief. Accordingly, we affirm Trapp's conviction.

Turning to the joint motion to remand, we grant the parties' motion to vacate Trapp's sentence and remand to the district court to permit that court to determine whether Trapp may be resentenced in accordance with the FSA. By this disposition, however, we indicate no view as to whether the FSA is retroactively applicable to a defendant, like Trapp, whose offense was committed prior to the August 3, 2010, effective date of the Act, but who was sentenced after that date, leaving that determination in the first instance to the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART;
AND REMANDED

4